UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JOHN C. PONTE,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 14-115 S
                                    )
SAGE BANK,                          )
                                    )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Plaintiff John C. Ponte's Motion to Disqualify Defendant Sage Bank's Counsel. (ECF No. 11.) For the reasons set forth below, the Motion is DENIED.

I.  Background[1]

In 2011, Sage Bank hired Ponte to serve as a Branch Manager at its Warwick location. The terms of Ponte's employment were memorialized in a December 30, 2011 employment agreement. Ponte's Complaint focuses on Sage Bank's alleged breach of that agreement.

Of critical importance to this motion, in May 2013, Ponte learned that two of his former employees at the Warwick branch,

---

[1] For the purposes of this motion, the facts are taken from Plaintiff's Complaint.

Catherine Galliot and Joseph Laraia, had alleged wrongful termination and employment discrimination (the "employment claims") against Sage Bank. Ultimately, Sage Bank settled these claims in September 2013. Ari Karen, an attorney who currently represents Sage Bank in this action, also represented the bank in settling the employment claims.

Shortly after Sage Bank settled with Galliot and Laraia, Ponte voluntarily left his employment at the bank. In his Complaint, Ponte alleges that Sage Bank improperly funded the settlements of the employment claims with funds that should have been paid to Ponte upon his separation from the bank. Because of this allegation, Ponte now asserts that Karen will be a necessary witness to testify about the settlements of the employment claims and thus should be disqualified from representing Sage Bank in this case under Rhode Island Rule of Professional Conduct 3.7.

II. Discussion

"A party seeking disqualification of an opposing party's counsel bears a 'heavy burden of proving facts required for disqualification.'" Haffenreffer v. Coleman, C.A. No. 06-299T, 2007 WL 2972575, at *2 (D.R.I. Oct. 10, 2007) (quoting Evans v. Artek Sys. Corp., 715 F.2d 788, 792 (2d Cir. 1983)). In deciding a motion to disqualify, a court must balance a "party's right to choose its counsel against the need to protect the

integrity of the judicial process," all while recognizing that a party may file such a disqualification motion solely for tactical reasons. Id.

Here, Plaintiff summarily asserts that Defendant's counsel is a necessary witness and thus must be disqualified. Typically, an attorney may not act as both lawyer and witness at trial. Vierra v. Rhode Island Mun. Police Acad., 539 A.2d 971, 973 (R.I. 1988). This rule is codified in Rhode Island Rule of Professional Conduct 3.7, which provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."

As the party moving for disqualification, Ponte bears the burden of demonstrating that Karen's testimony is "relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." Carta ex rel. Estate of Carta v. Lumbermens Mut. Cas. Co., 419 F. Supp. 2d 23, 29 (D. Mass. 2006) (internal citation and quotation marks omitted). Where an attorney's testimony would merely be cumulative, he is not a necessary witness. Grossi v. Annarumo, No. C.A. NC 94-0449, 1998 WL 726499, at *9 (R.I. Super. Oct. 8, 1998) (holding that attorney was not necessary witness because party he represented was capable of providing the same testimony).

The Court need not delve into whether the evidence sought from Karen is "relevant to disputed material facts," because

Ponte has failed to provide any evidence from which the Court could conclude that Karen is the only source from which the evidence in question could be obtained. See Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc., 179 F.R.D. 64, 66 (D.P.R. 1998) (holding that party seeking disqualification must present evidence that attorney is only individual with knowledge sought). Plaintiff merely posits that Karen has information concerning the funds used to settle and pay attorney's fees for unrelated claims that Ponte asserts have some bearing on this litigation. According to Sage Bank, this same information is available from bank employees who have knowledge "regarding the claims, the settlement, and the accounting utilized" to fund the settlement.[2] (Def's Opp'n to Mot. to Disqualify Counsel 11, ECF No. 12.) Ponte does nothing to refute Sage Bank's assertion. At most, Plaintiff has raised the specter of whether Karen may be a necessary witness, but speculation is insufficient to require disqualification. See Paretti v. Cavalier Label Co., 722 F. Supp. 985, 987 (S.D.N.Y. 1989). Thus, Plaintiff has not met his high burden of demonstrating facts proving that disqualification is appropriate.

---

[2] The settlement agreements themselves would also provide the relevant terms. What is more, the rationale for these agreements, and the advice given to Sage Bank by Karen may well be protected by the attorney-client privilege.

4

III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Disqualify Counsel is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  August 12, 2014